## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THERESA SIRRI MUBANG,**

      **Petitioner,**

**v.**                                      **Civil Action No. 1:18cv181**
                                                    **(Judge Kleeh)**

**WARDEN, Hazelton Secure Female**
**Facility,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On September 24, 2018, the *pro se* petitioner, an inmate at Hazelton Secure Female Facility ("HSFF") in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner's $5.00 filing fee, paid in a prior iteration of this case, was applied to the instant one. See ECF No. 3.

By Miscellaneous Case Order entered on November 1, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh.  ECF No. 7.

On February 26, 2019, the Court undertook a preliminary review of the petition and determined that summary dismissal was not warranted. ECF No. 10. Accordingly, an Order to Show Cause was issued against Respondent. Id. On March 26, 2019, Respondent filed a Motion to Dismiss or Alternatively, Motion for Summary Judgment with a Memorandum in Support with attached Exhibits. ECF Nos. 13, 14. Because Petitioner was proceeding *pro se*, on March 27, 2019, a Roseboro Notice was issued. ECF No. 15. On May 1, 2019, Petitioner filed her response in opposition. ECF No. 18.  On May 6, 2019, Respondent filed a reply.  ECF No. 19. On May 13, 2019, Petitioner filed a Motion to Dismiss Respondent's Surreply or Surrebuttal. ECF No. 20.  On

May 17, 2019, Respondent filed a response in opposition to Petitioner's Motion to Dismiss Respondent's Surreply or Surrebuttal. ECF No. 21. On July 29, 2019, Petitioner filed a combined motion and Memorandum in Support of her Emergency Motion for Summary Judgment for Consideration and/or Transfer to a Residential Re-Entry Center ("RRC") and Home Confinement Pursuant to 28 U.S.C. [§] 2241 and the First Step Act as Amended. ECF No. 22. On August 23, 2019, Petitioner filed a Supplement to Petitioner['s] Emergency Motion for Transfer to a Halfway House. ECF No. 23.  Petitioner filed a Second Supplement on October 24, 2019. ECF No. 24.

This matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 636(b)(1)(B).

## II. Facts[1]

In a superseding indictment dated September 27, 2004, a grand jury in the District of Maryland charged the petitioner in Case No. 8:03cr539 with one count of "Holding a Juvenile Alien to a Term of Involuntary Servitude" in violation of 18 U.S.C. § 1584, and one count of "Harboring a Juvenile Alien for Financial Gain," in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). See Docket, District of Maryland, Case No. 8:03cr539, ECF No. 14-2. On November 17, 2004, after a 9-day jury trial, Petitioner was convicted on both counts. Id. Sometime between the verdict and sentencing, the petitioner fled the country and returned to her native Cameroon; on December 6, 2004, the trial court issued a bench warrant for her arrest. Id.

Prior to her conviction in the District of Maryland, Petitioner served two years, eight months, and eight days in federal custody for Health Care Fraud, a violation of 18 U.S.C. § 1347, in Case No. 1:01cr252 in the United States District Court for the Eastern District of Virginia

---

[1] The facts related to the petitioner's indictment, conviction, sentence and first § 2255 were taken from the Memorandum Opinion issued by the United States District Court for the District of Maryland denying her Motion to Vacate. See 8:06cv1838-DKC [ECF No. 1] available on PACER, and from the documents appended to the Respondent's dispositive motion.

(hereinafter "Eastern District of Virginia"); she was released from BOP custody via Good Conduct Time ("GCT") on March 19, 2004, to begin a three-year term of supervised release. See Declaration of Howard Williams, Legal Assistant, BOP Mid-Atlantic Regional Office ("Williams Decl."), ECF No. 14-1, ¶ 6 at 3; see also Docket, Eastern District of Virginia Case No. 1:01cr252, ECF No. 14-3 at 3.

On February 28, 2005, the petitioner was sentenced *in absentia* in the District of Maryland in Case No. 8:03cr539 to concurrent terms of 210 months of imprisonment on Count One and 120 months of imprisonment on Count Two, along with three years of supervised release. Judgment was entered on March 1, 2005, and her counsel noted an appeal to the United States Court of Appeals for the Fourth Circuit two days later. Williams Decl., ECF No. 14-1, ¶ 5 at 3.

On April 6, 2005, the petitioner's counsel moved to stay the appeal on the District of Maryland convictions because Petitioner was a fugitive. See Docket, District of Maryland, Case No. 8:03cr539, ECF No. 14-2. The Government responded in opposition and moved to dismiss the appeal. Id. On April 20, 2005, the Fourth Circuit denied the motion to stay and dismissed the appeal, but granted the petitioner leave to move to file an appeal, with good cause shown, if Petitioner surrendered herself to federal custody within 30 days; however, Petitioner did not do so. Id. Instead, as noted *supra*, she was apprehended in Cameroon on May 26, 2005, and returned to the United States two days later. Id. Although counsel moved to reinstate the appeal on October 7, 2005, the court denied that motion on November 21, 2005. Id.

On May 31, 2005, in Case No. 1:01cr252 in the United States District Court for the Eastern District of Virginia,[2] Petitioner was arrested for a violation of her supervised release on the Health

---

[2] The district court entered judgment on October 5, 2001 in this case. On January 29, 2018, nearly 17 years after entry of judgment, Mubang filed a notice of appeal, seeking an order vacating the portion of the criminal judgment ordering restitution.  The appeal was dismissed as untimely. See United States v. Mubang, 4th Cir. Case No. 18-6129.

Care Fraud conviction.[3] <u>See</u> ECF No. 14-3 at 4. On June 24, 2005, she was sentenced to a six-month term of imprisonment for the supervised release violation, to be served consecutive to the 210-month term of imprisonment imposed in the District of Maryland, for a total aggregate term of imprisonment of 216 months. <u>See</u> Williams Decl., ECF No. 14-1, ¶ 7 at 3 – 4; <u>see also</u> Docket, ECF No. 14-3 at 4.

Counsel for Petitioner filed a § 2255 motion in her District of Maryland case on July 19, 2006, asserting five grounds for relief: (1) her conviction on count one was barred by the statute of limitations; (2) the Government did not timely disclose exculpatory evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (3) she was deprived of her jury trial right because the jury delivered a verdict in "less than two hours;" (4) certain testimony from three other women who lived with the petitioner was improperly admitted; and (5) the evidence was insufficient to establish coercion, a required element under count one. On August 9, 2011, the District Court entered a Memorandum Opinion denying the petitioner's motion to vacate.

On August 12, 2013, in the District of Maryland sentencing court, Petitioner filed a "Motion to Vacate Sentence and Order Immediate Release from Custody as Authorized, Pursuant to 18 U.S.C. § 3742(a) Sentence was Imposed in Violation of Law," seeking to vacate her sentence. <u>See</u> 8:03cr539-DKC. ECF No.133. The District of Maryland construed the motion as being filed pursuant to 28 U.S.C. § 2255. In the motion, the petitioner claimed that her final sentence was imposed in violation of the Ex Post Facto Clause, because she was sentenced under the 2000 version of the United States Sentencing Guidelines ("USSG"). She asserted that because the 2000 guidelines provided for more severe punishment, she should have been sentenced under the 1998

---

[3] The district court entered judgment on October 5, 2001 in this case. On January 29, 2018, nearly 17 years after entry of judgment, Mubang filed a notice of appeal, seeking an order vacating the portion of the criminal judgment ordering restitution. The appeal was dismissed as untimely. <u>See</u> <u>United States v. Mubang</u>, 4th Cir. Case No. 18-6129.

USSG, in effect at the time of her offenses. She further alleged that her sentence violated the dictates of Apprendi v. New Jersey[4] and Alleyne v. United States.[5] Finally, she claimed that the court abused its discretion in sentencing her beyond the statutory minimum term and, in effect, engaged in an "unwarranted sentencing disparity." On August 16, 2013, the District of Maryland entered a Memorandum Opinion dismissing the Motion without prejudice. In so doing, the Court found it lacked jurisdiction because it was a second or successive motion filed under 28 U.S.C. § 2255 which had not been certified in advance by a panel of the appropriate circuit court of appeals. Id. ECF No. 135. On October 9, 2013, the Fourth Circuit Court of Appeal denied the petitioner's motion under 28 U.S.C. § 2244 to file a second or successive application for relief under 28 U.S.C. § 2255.

On November 5, 2013, Mubang filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this district, challenging her court-ordered restitution through the Inmate Financial Responsibility Plan ("IFRP"), seeking to have the court defer payments until she was transferred to a facility with employment opportunity; reduce the payments to $25.00 per quarter; or vacate restitution altogether until she completed her sentence. The case was dismissed by Order Adopting Report and Recommendation on April 16, 2014. See Mubang v. O'Brien, N.D. W.Va. Case No. 2:13cv77June

On November 13, 2013, Mubang filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this district, raising the same grounds she raised in her second or successive § 2255 motion, i.e., that (1) her sentence was imposed in violation of the Fourteenth Amendment's

---

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000)(holding that the Due Process Clause requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt).

[5] Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 2155 (2013) (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and "found beyond a reasonable doubt.")

due process clause and the holding in Apprendi v. New Jersey; (2) the Court violated the Ex Post facto Clause when it sentenced her to the high end of the guideline range.  More specifically, she alleges that she was charged with violating 18 U.S.C. § 1584 during the period 1996 to 1998.  The sentencing guidelines in effect at that time contained a statutory maximum of ten years. However, on October 28, 2000, the statute was amended and twenty years was substituted for the ten year maximum; and (3) the court abused its discretion in imposing an unwarranted sentence disparity. . Because Mubang was not eligible to proceed under the 28 U.S.C. § 2255(e) savings clause, the case was dismissed on May 29, 2014. See Mubang v. O'Brien, N.D. W.Va. Case No. 2:13cv78.

On June 20, 2016, in the District of Maryland sentencing court, Petitioner filed a Motion for Sentence Reduction pursuant to 28 U.S.C. § 924, citing to Johnson v. United States, 135 S.Ct. 2551 (2015) as support. Id. ECF No. 141. The District of Maryland construed the same as a Motion to Vacate pursuant to 28 U.S.C. § 2255. On August 1, 2016, the motion was dismissed without prejudice as a second or successive application for relief. ECF No. 144. On September 12, 2016, the Fourth Circuit Court of Appeals denied the petitioner's notion for authorization to file a second or successive § 2255. Id. ECF No. 146.

On February 21, 2018, Mubang filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this district, ostensibly challenging the validity of her sentence but clearly attacking her conviction(s), raising six claims: (1) the introduction of evidence under Rule 404(b) about other young women was prejudicial and improperly inflamed the jury; the inability to call a witness was prejudicial; the court abused its discretion when it applied an incorrect legal standard in excluding evidence of third party culpability; the government's "other young women" evidence was not reliable and its probative value was outweighed by its prejudicial effect; the government's evidence of physical/legal coercion was uncorroborated, inconsistent and completely

unbelievable; and the jury's failure to adequately deliberate deprived her of her Sixth Amendment right to a trial by jury. Because Mubang was not eligible to proceed under the 28 U.S.C. § 2255(e) savings clause, the case was dismissed on March 27, 2018. See Mubang v. Coakley, N.D. W.Va. Case No. 2:18cv20.

On September 25, 2018, in the Eastern District of Virginia sentencing court, Mubang filed a Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming, seeking to have her six-month term of imprisonment for the supervised release violation be served concurrent with, instead of consecutive to the 210-month sentence from the District of Maryland, or alternatively, to "substitute" the 6-month sentence with "community confinement," home detention, or halfway house placement. See United States v. Mubang, E.D. Va. Case No. 1:01cr252, ECF No. 61. The motion was also docketed as a Motion for Residential Re-Entry Center Placement Per Second Chance Act 18 U.S.C. 3624(c)(1)(Amended). See United States v. Mubang, E.D. Va. Case No. 1:01cr252, ECF No. 62.  By Order entered September 27, 2018, both motions were denied.

### III. Contentions of the Parties

#### A. The Petition

In her § 2241 motion, Petitioner attaches a Motion for Reconsideration under 18 U.S.C. § 3742(e), seeking 24 months to be split between half-way house placement and home confinement, that she previously filed in the District of Maryland sentencing court on June 27, 2018.[6] ECF No. 1-1. She requests that this Court direct a ruling in her favor on it.[7]

---

[6] The motion was filed in her criminal case, No. 8:03cr539, and also as a § 2241 petition in Case No. 8:18cv1997; it was transferred to this district on August 16, 2018, where it was docketed as Case No. 3:18cv132. Because it was not on this Court's approved form, a Notice of Deficient Pleading and Intent to Dismiss was issued, and when Petitioner refiled it on this Court's form, opening this case, that case was dismissed on September 25, 2018.

[7] A review of Petitioner's criminal docket in Case No. 8:03cr539 in the District of Maryland indicates that as of the date of entry of this Report and Recommendation, that motion [ECF No. 150] is still pending.

Petitioner admits that she did not exhaust her claims through the prison's grievance system prior to filing suit. ECF No. 1 at 6 - 7.

As relief, Petitioner requests that this Court grant her sentencing relief pursuant to 18 U.S.C. § 3742(e); the Post-Sentencing Rehabilitation and the Residential Re-Entry Center Placement Act ("RRC"); and the Second Chance Act, and permit her to split the last 24 months of her sentence[8] with twelve months in a half-way house and twelve months of home confinement. Id. at 7.

## B. Respondent's Dispositive Motion

Respondent argues that the petition should be dismissed or summary judgment granted in its favor because (1) Petitioner failed to exhaust her administrative remedies and admits the same in her petition; and (2) Petitioner's request for RRC placement and home confinement is statutorily barred under 18 U.S.C. § 3624(c); (3) Petitioner's request for RRC placement and home confinement is not ripe for review because she is not yet eligible to be considered for the same; and (4) Petitioner's request for RRC placement and home confinement is not subject to judicial review. See ECF No. 14 at 7 – 16.

## C. Petitioner's Response in Opposition

Petitioner reiterates her arguments and attempts to refute the Respondent's on the same. She argues that her failure to exhaust her claim prior to filing suit should be excused as futile, and that because the exhaustion requirement in a § 2241 is only judicially imposed, it should be waived. ECF No. 18 at 4 – 5. She cites to the five factors set forth in 18 U.S.C. § 3621(b), and relying on

---

[8] Petitioner's anticipated date of release, with GCT, is October 19, 2020. See BOP inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited January 16, 2020).

Fults v. Sanders,[9] argues that that "extraordinary justification" for her early release to a RRC exists because of her lengthy sentence of 210 months. Id. at 6 - 8. She notes that she has been taking re-entry classes in as part of her post-incarceration plan for rehabilitation, in anticipation of her early release, and outlines her plans for employment upon release. Id. at 10 – 13.  She argues that her early release will be of benefit to her sons, who were eight and eleven when she was incarcerated. Id. at 13.  She attaches copies of documents regarding re-entry preparation.  ECF Nos. 18-1 at 4 – 10.

**D. Respondent's Reply**

Respondent challenges Petitioner's claim that her failure to exhaust should be waived, and notes that Petitioner's response fails to address any of the arguments that Respondent's memorandum in support of its dispositive motion outlined, such as that the relief Petitioner requests is statutorily barred by 18 U.S.C. § 3624(c)(1); her request for RRC placement is not ripe for adjudication; and her request for RRC placement and home confinement is not subject to judicial review.  Further, Respondent notes that Fults was specifically overruled by the April 9, 2008 amendment of 18 U.S.C. § 3624(c). Id. at 2 – 3. Finally, Respondent notes that 18 U.S.C. § 3624(c)(1) only permits a maximum of twelve months of pre-release custody. Id. at 3. Accordingly, Respondent argues that Petitioner's request for additional RRC and home confinement based upon an alleged "extraordinary justification" should be denied. Id. at 3.

**E. Petitioner's Motion to Strike Respondent's Surreply or Surrebuttal in Response to Petitioner's Response**

Petitioner contends that Respondent's reply constitutes an impermissible surreply or surrebuttal and should not be permitted; therefore, this Court "shall . . . deny, or dismiss and vacate

---

[9] Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006)(Invalidating 28 C.F.R. §§ 570.20 and 570.21 because the regulations conflicted with 18 U.S.C. § 3621(b), which gives the BOP broad discretion to determine the location of an inmate's imprisonment).

Respondent's motion for leave to surreply or surrebuttal." ECF No. 20 at 2.  Further, she clarifies

that she is actually only seeking eighteen months pre-release custody, because under the First Step

Act, she will get additional GCT that will "apply as a deduction towards that twenty-one months

left at the end of her sentence[.]" Id.  She also contends that she can earn additional GCT by

completing rehabilitative programming and engaging in "productive activities" which can be

redeemed for early transfer into a halfway house, home confinement, or supervised release. Id. at

3.

## F. **Respondent's Response to Petitioner's Motion to Dismiss Respondent's Surreply or Surrebuttal**

Respondent notes that there is no basis for Petitioner's Motion to Dismiss Respondent's

Surreply or Surrebuttal, given that it has filed neither, only a reply, which is expressly permitted

under the Local Rule of Prisoner Litigation Procedure ("LR PL P") 11(c) and this Court's own

Order to Show Cause. ECF No. 21 at 1 – 2.

## G. **Petitioner's Memorandum in Support of Emergency Motion for Summary Judgment for Consideration and/or Transfer to a Residential Re-Entry Center ("RRC") and Home Confinement Pursuant to 28 U.S.C. [§] 2241 and the First Step Act as Amended**

Petitioner contends that she has begun exhausting her administrative remedies regarding

her claims in the petition, beginning on April 25, 2019.  ECF No. 22 at 2.  She avers that she is

presently waiting on a response to a BP-10. Id. at 3. She attaches copies of administrative remedies

and responses; a memorandum on "halfway house," a memorandum on "home confinement," and

a copy of an email regarding the First Step Act.  See ECF Nos. 22-1 through 22-10.

Plaintiff's Memorandum in Support of Emergency Motion for Summary Judgment for

Consideration and/or Transfer to a Residential Re-Entry Center ("RRC") and Home Confinement

Pursuant to 28 U.S.C. [§] 2241 and the First Step Act as Amended, being merely an expansion of

the argument in her petition, is construed here as a surreply.  However, as previously noted, under

the local rules of this District, surreply and surrebuttal memoranda may not be filed, and therefore, the same will not be considered by the undersigned. LR PL P 11(d).

## H. **Petitioner's Supplement to Emergency Motion for Transfer to a Halfway House**

Petitioner reiterates her position that exhaustion of administration remedies would be futile. ECF No. 23 at 1. She avers that she has now been considered for placement following the "Five Factors Review" per the Second Chance Act, and that staff recommended placement in range greater than 270 days. Id. Further, she contends that staff have advised her that the Warden grants 12 months placement, but that that 12 months will be based on Petitioner's current release date of "2/18/21."[10] Id. at 2. She argues that pursuant to the First Step Act, each inmate is entitled to an additional seven days per year, which means that she is entitled to an additional 153 days or 4 months off her sentence. Id. She requests that this Court "compel" the Bureau of Prisons ("BOP") to recalculate her GCT and place her in a halfway house for the maximum twelve months. Id.

## I. **Petitioner's Second Supplement to Emergency Motion for Transfer to a Halfway House**

Petitioner's second supplement now avers that her GCT under the First Step Act has been recalculated, giving her a release date of October 19, 2020. ECF No. 24 at 2. She states that on August 5, 2019, she was considered for RRC placement following the five factors review per the Second Chance Act, and her case manger recommended RRC placement for greater than nine months (270 days). Id. Petitioner avers that her case manager prepared the "package for placement" and Petitioner signed it on September 29, 2019, but that on October 17, 2019, she was notified that she was to report to the halfway house on January 29, 2020, is a grant of only three months in the halfway house and six months of home confinement, "violating the terms of . . . 3624(c) and the

---

[10] As noted *supra*, Petitioner's current release date, according to the BOP's online Inmate Locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ has since been adjusted, and she is not eligible for release on October 19, 2020.

Second Chance Act." Id.   She contends that her family called the halfway house and spoke to its assistant director, who advised them that Petitioner's case manager only requested placement for between six to nine months, and that had the case manager requested twelve months, it could have been approved, because there is bed space and resources available to accommodate Petitioner for the entire twelve months.  Id. Petitioner urges this Court to compel the BOP to release her to the RRC sooner than the "set date of January 29, 2020."  Id. at 3.

### IV. Standard of Review

#### A. Motion to Dismiss - Subject Matter Jurisdiction, Fed.R.Civ.P. 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Id.; Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams, 697 at 1219. Further, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

#### B. Motion to Dismiss – Failure to State a Claim, Fed.R.Civ.P.  12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that "fail[s] to state a claim upon which relief can be granted" may be dismissed under Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not "resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses."  See Butler v. United States, 702 F.3d 749, 752 (2012) (quoting Republican Party of North  Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendant's motion to dismiss, a court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The plaintiff s factual allegations need not be detailed, but she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of[the] cause of action."  Bell  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  These facts must "be enough to raise a right to relief above the speculative level."  Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted).  The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that even remotely suggests a factual basis for the claim."  Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).  Where a complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests," it should be dismissed.  Twombly, 550 U.S. at 555 (internal quotation marks omitted).

This Court need not accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. See Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989); Papasan v. Allain, 478 U.S. 265, 286 (1986); United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). Dismissal is appropriate where the plaintiff can prove no set of facts which would support his claim and entitle him to relief. See Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002) (citations omitted).

**C. Motion for Summary Judgment – Fed.R.Civ.P. 56**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986).  To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary

14

judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986).

## V. <u>Analysis</u>

### A. <u>The Second Chance Act</u>

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." <u>See</u> 18 U.S.C. § 3624(c)(l). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made in light of several factors, most of which are identified in 18 U.S.C. 362l (b). <u>See</u> <u>Miller v. Whitehead</u>, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)). The factors identified in 18 3621(b) are as follows:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

## B. <u>Exhaustion of Administrative Remedies</u>

In response to the petition, the Respondent argues that the instant § 2241 petition should be dismissed because Petitioner failed to exhaust her administrative remedies. Petitioner maintains that the Respondent's argument is without merit, and that exhaustion was futile under the circumstances.

The undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions. However, the requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241.  <u>See</u> <u>LaRue v. Adams</u>, 2006 WL 1674487 *5 - *7 (S.D. W.Va. June 12, 2006) (citing <u>Smith v. Angelone</u>,111 F.3d 1126, 1129 - 31 (4th Cir.) *cert. denied,* 521 U.S. 113 (1997)).[11]

---

[11] In <u>LaRue</u>, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. <u>LaRue</u>, 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneous with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. <u>Id.</u> Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. <u>Id.</u> The Southern District cited several other district and circuit court cases that have also come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. <u>Id.</u> (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

In this matter, the case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

## C. 18 U.S.C. § 3625

In accordance with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review. In this case, the petitioner argues that the BOP BOP should release her 24 months before her projected release date, to allow for 12 months in RRC placement, followed by 12 months of home confinement. That decision is governed by 18 U.S.C. § 3624(c)(l)-(2).  As previously noted, that section now provides:

(1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final

17

months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner **or 6 months**. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(l)-(2) (emphasis added).

Because such a determination involves a decision regarding an inmate's place of imprisonment, in making a determination under § 3624(c), the Director must necessarily consider the five factors enumerated in 18 U.S.C. § 3621(b), as set forth previously in this Report and Recommendation. However, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded subsections 3621 and 3624 from judicial review under the APA. See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D. Ky. 1997).  Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Accordingly, any substantive decision by the BOP with regard to the petitioner's eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court.  See Lyle v. Sivley, 805 F.Supp. 755, 760 (D. Ariz. 1992).   However, even where judicial review under the APA is specifically excluded by statute, the court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974); Davis v. Beeler, 966 F.Supp. at 489.

It is well established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he

will be confined in a particular prison. <u>Olim v. Waukinekona</u>, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to her release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

In the instant case, the petitioner first argues that she is entitled to be released 24 months early, first to 12 months of RRC placement, and then to 12 months of home confinement. As an initial point, 18 U.S.C. § 3624(c) does not authorize the BOP to grant the same. In compliance with the Second Chance Act, the BOP adopted regulations set forth in 28 C.F.R. §§ 570.20-.22. Section 520.21(a) provides that a **prisoner's maximum allowable time in prerelease custody placement is twelve (12) months**. <u>See</u> 28 C.F.R. § 570.21(a) (emphasis added). Therefore, 18 U.S.C. § 3624(c) does not authorize the BOP to provide an inmate with six (6) months of home confinement in addition to twelve (12) months of prerelease custody. <u>See</u> <u>Doll v. Lappin</u>, Case No. 11-CV-01496, 2011 WL 5374759, *4-5 (D. Colo. Nov. 8, 2011). "The statute plainly authorizes a maximum of twelve months prerelease custody, either to an RRC, or to a combination of RRC plus home confinement." <u>Id.</u>, *citing* <u>Guess v. Werlinger</u>, 421 F. App'x. 215, 217 (3rd Cir. 2011) (unpublished); <u>Mayes v. Tews</u>, Case No. 09-4267-MHP, 2011 WL 1812526, at *3 (N.D. Cal. May 12, 2011) (holding that § 3624(c) imposes a cumulative limit of twelve months for any type of prerelease custody; "[s]ince home confinement may not exceed six months, a prisoner who receives six months of home confinement cannot receive more than six months of RRC."). Therefore, Petitioner's request for 12 months each in RRC and home confinement is precluded by § 3624(c)(2).

Next, at the time the respondent filed its dispositive motion on March 26, 2019, Petitioner's anticipated date of release was February 18, 2021, giving her approximately 23 more months left to serve on her federal sentence. See Williams Decl., ECF No. 14-1, ¶ 7 at 4. As the respondent then correctly argued, Petitioner's request was not ripe for review at that time, because pursuant to 18 U.S.C. § 3624(c)(1), prerelease custody placement is limited to the final twelve (12) months of a prisoner's sentence, and the BOP only considers an inmate for RRC placement when he/she is within seventeen (17) to nineteen (19) months of his or her projected release date.  See BOP Program Statement 7310.01, Community Corrections Center ("CCC") Utilization and Transfer Procedure; April 14, 2018 Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007 Memorandum. Petitioner was still several months outside of that time frame at that time, and her claim would not be ripe for review until her Unit Team assessed her eligibility for RRC placement and/or home confinement and completed an official RRC form. See Biller v. Phillips, Case No. 3:08cv6, 2008 WL 2595699, *1 (N.D. W.Va. June 30, 2009) (finding petitioner's claim was not yet ripe, because the BOP had not yet conducted the petitioner's CCC referral); Moore v. Driver, Case No. 1:07cv166, 2018 WL 4661478, *7 (N.D. W.Va. Oct.  21, 2008) (finding that petitioner's claim for RRC placement was not yet ripe "[b]ecause his release date is more than seventeen (17) to nineteen (19) months in the future.").

However, since that time, the combined effect of the length of time this case has been pending, coupled with the fact that the Petitioner's GCT time has recently been recalculated,[12] giving Petitioner her current anticipated release date of October 19, 2020, has rendered this issue ripe for adjudication.

---

[12] Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391 amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed.  Section 102(b)(1) took effect on July 19, 2019.

Nonetheless, the undersigned notes that the second supplement that Petitioner filed to her "emergency" motion for transfer to a halfway house advised that on August 5, 2019, she was "considered for placement for an ("RRC") following the five factors review per the Second Chance Act" and that she was scheduled to report to the halfway house on January 29, 2020. ECF No. 24 at 2. Although Petitioner's second supplement complains that the release to halfway house was not going to be sooner, and urges this Court to compel the BOP to release her to the RRC sooner than the "set date of January 29, 2020 [id. at 3], the undersigned finds that this case will soon be mooted by Petitioner's release within one week of the date of entry of this Report and Recommendation. Moreover, because the decision whether to make RRC placement is a matter within the knowledge and expertise of BOP officials, this Court cannot intervene in the matter, unless a clear constitutional violation occurred - - which is not the case here.

## VI. Recommendation

Based on the foregoing reasoning, the undersigned recommends that Respondent's Motion to Dismiss or Alternatively, Motion for Summary Judgment [ECF No. 13] be **GRANTED** and that the petition [ECF No. 1] be **DISMISSED with prejudice.**

Further, the undersigned **RECOMMENDS** that Petitioner's pending Motion to Dismiss Respondent's Surreply or Rebuttal [ECF No. 20] be **DENIED as moot**.  The undersigned further **RECOMMENDS** that Petitioner's pending Memorandum in Support of Emergency Motion for Summary Judgment for Consideration and/or Transfer to a Residential Re-Entry Center ("RRC") and Home Confinement Pursuant to 28 U.S.C. [§] 2241 and the First Step Act as Amended [ECF No. 22] be **CONSTRUED** as a surreply**,** along with its first and second supplements [ECF Nos. 23, 24]  and be stricken from the record.

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 22, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE